BLUE CREEK LAND & LIVE STOCK CO. v. KEHRER et al. (INTERMOUNTAIN MILLING CO. et al., Garnishees).

No. 3731.  Decided April 13, 1922.  (206 Pac. 287.)

1.  GARNISHMENT—WILL NOT LIE IN ACTION TO FORECLOSE MORTGAGE; "PERSONAL ACTION."  In view of Comp. Laws 1917, § 6704,

under which a writ of attachment will not issue where the debt sued on is already secured by a mortgage or lien on property, and section 6730, requiring that the writ of garnishment be issued contemporaneously with or after the writ of attachment, a writ of garnishment, under the latter section, as amended by Sess. Laws 1913, c. 94, and Sess. Laws 1919, c. 125, authorizing the issuance of the writ in a "personal action" on affidavit that plaintiff is justly apprehensive of the loss of the debt sued on, will not lie in an action to foreclose a mortgage until a deficiency judgment is entered: "personal action" meaning actions in which the plaintiff is entitled to a personal judgment only.[1]

2. GARNISHMENT—ACTION TO FORECLOSE MORTGAGE IS NOT "PERSONAL ACTION" IN WHICH WRIT MAY ISSUE. Under Comp. Laws 1917, § 7230, permitting only one action to enforce rights secured by mortgage, and requiring that judgment be given adjudging the sale of the mortgaged property, and section 7231, permitting a general execution against the debtor only after the sale thereof, mortgagor is not personally liable unless there is a deficiency after sale, so that an action to foreclose is essentially in rem, and not a "personal action" within section 6730, as amended by Sess. Laws 1913, c. 94, and Session Laws 1919, c. 125, authorizing the issuance of writs of garnishment on commencement of any "personal action."[2]

3. APPEAL AND ERROR—APPEAL ON JUDGMENT ROLL ALONE CONSIDERED ON MERITS WHERE RESPONDENT DID NOT PRESS POINT AND QUESTIONS INVOLVED WERE IMPORTANT. An appeal from an order dismissing a writ of garnishment in an action to foreclose a mortgage will be considered on its merits, though taken on the judgment roll alone, where respondent did not press the point; the question involved being of great practical importance.

Appeal from District Court, First District, Box Elder County; *A. A. Law*, Judge.

Action by the Blue Creek Land & Live Stock Company

---

[1] *Slaughter* v. *Robinson*, 52 Utah, 274, 173 Pac. 456.

[2] *Boucofski* v. *Jacobsen*, 36 Utah, 165, 104 Pac. 117, 26 L. R. A. (N. S.) 898; *Bacon* v. *Raybould*, 4 Utah, 357, 10 Pac. 481, 11 Pac. 510; *Russell* v. *Hank*, 9 Utah, 309, 34 Pac. 245; *Donaldson* v. *Grant*, 15 Utah, 231, 49 Pac. 779; *Salt Lake Valley L. & T. Co.* v. *Millspaugh*, 18 Utah, 283, 54 Pac. 893; *Howe* v. *Sears*, 30 Utah, 347, 84 Pac. 1107; *Jensen* v. *Lichtenstein*, 45 Utah, 320, 145 Pac. 1036; *Hammond* v. *Wall*, 51 Utah, 464, 171 Pac. 148.

against W. S. Kehrer and another, defendants and Inter-mountain Milling Company and another, garnishees. From an order dismissing the writ of garnishment, plaintiff appeals.

AFFIRMED.

*D. A. Skeen* and *C. D. Moore,* both of Salt Lake City, for appellant.

*Young & Davis,* of Brigham City, and *Dickson, Ellis & Adamson,* of Salt Lake City, for respondents.

THURMAN, J.

This is an appeal from an order dismissing a writ of garnishment.

Plaintiff commenced an action in the court below to fore-close a mortgage on real property given to secure payment of a promissory note. At the time of filing its complaint plaintiff also caused to be filed an affidavit for the issuance of a writ of garnishment in accordance with certain provisions of Comp. Laws Utah 1917, § 6730. The writ was issued and served on the garnishee, whereupon the defendants appeared and moved to dismiss the writ on the alleged ground that the action being for the foreclosure of a mortgage on real estate, a writ of garnishment could not issue until a deficiency judgment had been entered. An affidavit was also made and filed by one of the defendants in support of the motion to the effect, among other things, that the note sued on was amply secured.

The trial court granted the motion, dismissed the writ, and released the garnishees.

Plaintiff assigns as error the order dismissing the writ.

The statute (section 6730, as amended by chapter 125, Sess. Laws 1919) relied on by plaintiff reads as follows:

"It is further provided that upon the commencement of any personal action, arising upon a contract express or implied or upon any judgment or decree already obtained, or at any time thereafter, the plaintiff may obtain a writ of garnishment by making and filing

with the justice of the peace in a justice court or with the clerk of the court in which said action was brought an affidavit stating that he has good reason to believe and does believe that any certain person, firm or corporation, private or public, has property, money, goods, chattels, credits or effects in his or its hands or under his or its control belonging to the defendant or defendants, or any or either of them, or that such person, or persons, firm or corporation is indebted to the defendant; that the defendant is indebted to him or it on such contract, judgment or decree, sued upon, and that he is justly apprehensive of the loss of the same unless writ of garnishment issue. The garnishee thereupon is liable to the plaintiff from the time of the service of such writ to the amount of the aforesaid property or indebtedness belonging or due to the defendant and shall make answer to the writ as provided by law."

It was contended by defendants in the court below, and is also contended here, that the statute quoted does not authorize the issuance of a writ of garnishment in an action to foreclose a mortgage, at least, until a deficiency judgment has been duly entered.

It will be observed, that the statute in plain and unambiguous language allows the writ only in "*a personal action,* arising upon a contract express or implied or upon any *judgment or decree already obtained."* (Italics ours.)

The solution of the question involved manifestly depends upon what is meant by the words "personal action," as used in the statute. By the use of the words "personal action" the Legislature evidently intended that the right to the writ of garnishment should be limited to actions of that particular class. Whether the words imply an action in personam, as contradistinguished from an action in rem, as those terms are technically understood, or whether the words merely imply an action in which the plaintiff is entitled to a personal judgment only, is the question to which we will first address our attention. Considerable light may be shed upon the question by considering other statutes in pari materia, especially statutes relating to attachment and garnishment proceedings based thereon.

Section 6704, Comp. Laws Utah 1917, provides:

"The plaintiff, at the time of issuing the summons, or at any time afterward, may have the property of the defendant, not exempt from execution, attached as security for the satisfaction of any judgment

that may be recovered, unless the defendant gives security to pay such judgment, as in this chapter provided, in the following cases: In an action upon a judgment or upon a contract express or implied, which is not secured by any mortgage, or lien upon real or personal property situate or being in this state, or, if originally so secured, when such security has, without any act of the plaintiff, or of the person to whom the security was given, become valueless. * * *"

The essential feature of this section of the statute, as far as concerns the instant case, is this: If the obligation upon which the action is commenced is secured by a mortgage or lien upon real or personal property, the writ of attachment will not issue unless the security has become valueless. In other words, it seems to have been the policy of the Legislature to deny the writ of attachment where the debt or obligation is already secured.

Referring now to the beginning of section 6730, supra: As far as material here the section reads:

"At the time of issuing the writ of attachment in an action, or at any time thereafter, the plaintiff may have a writ of garnishment issued, and thereupon attach the credits," etc.

From the language quoted it will be observed that the writ of garnishment will not be issued except where it is contemporaneous with or is preceded by a writ of attachment. We have already shown that the writ of attachment will not issue if the obligation is secured by a mortgage or lien upon property. Hence it follows that a writ of garnishment, under the provisions last quoted, will not lie where the debt or obligation sued upon is secured in the same manner. It is apparent, therefore, that the same legislative policy which was adopted in relation to writs of attachment was adhered to by the Legislature in relation to writs of garnishment, namely, to deny the writ in cases where the debt or obligation is secured by mortgage or lien upon property. Such was the state of the law until the legislative session of 1913, when the Legislature by amendment to the statute relating to garnishment enacted the provision upon which appellant now relies. See Sess. Laws 1913, c. 94. A slight amendment has since been made causing the provision to read as hereinbefore quoted.

The logic of appellant's contention seems to be that by the enactment of the amendment upon which it bases its right to

a writ of garnishment the Legislature abandoned its former policy and enlarged the class of cases in which writs of garnishment will be allowed. The contention, in its last analysis, is: No matter if the debt or obligation is secured by mortgage or lien upon property, the writ of garnishment must nevertheless issue as a matter of right if plaintiff in an action arising upon contract makes affidavit to the effect that he is justly apprehensive of the loss of the debt or obligation upon which the action is brought. By this contention the words ''personal action'' are given no effect whatever, notwithstanding it is as plain as language can make it that these words are of vital significance in determining the meaning and intention of the Legislature. In view of its uniform policy down to the enactment of the amendment relied on by appellant, and in view of the further fact that the construction for which appellant contends would leave the act out of harmony with the statute relating to attachments and other statutes relating to garnishment, we are irresistibly led to the conclusion that the words ''personal action'' as used in the statute have reference to actions in which the plaintiff is entitled to a personal judgment only. There is little or no difference in principle between attachment and garnishment proceedings as far as the purpose of the proceeding is concerned. Both have the same object in view. One is to reach the property of the debtor, in his possession or under his control, and the other is to reach his property in the possession or under the control of another. The purpose in each case is to hold the property as security for any judgment that may be recovered.

Why should a writ of attachment be denied where the debt or obligation is secured, and, under the same circumstances, a writ of garnishment be allowed? The contention of appellant renders the statutes relating to these subjects so incongruous and inconsistent as to justify the belief that its construction of the statute is fundamentally wrong. The purpose of the statute relied on by appellant and the reason for its enactment by the Legislature are clearly stated in the opinion of this court in *Slaughter* v. *Robinson,* 52 Utah, 274, 173 Pac. 456, and need not be repeated here. It is suffi-

cient to say that it was by no means the intention of the Legislature to change its policy theretofore adopted by which it had uniformly withheld the right to a writ of garnishment in cases where the debt or obligation for which the action was brought was secured by mortgage or lien on property.

But little further need be said pertaining to the merits of the question already discussed. Lest, however, it should be contended that an action of foreclosure is an action inter partes, and therefore a personal action, we will briefly consider the question from another point of view.

This court in numerous decisions heretofore rendered in cases involving the foreclosure of mortgages has held that under the Utah statute relating to foreclosure the proceeding is essentially an action in rem. Sections 7230 and 7231, Comp. Laws, supra, provide:

"7230. There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. Judgment shall be given adjudging the amount due, with costs and disbursements, and the sale of the mortgaged property, or some part thereof, to satisfy said amount, and directing the sheriff to proceed and sell the same according to the provisions of law relating to sales on execution. Such judgment may be docketed at any time.

"7231. If it appears from the return of the officer making the sale that the proceeds are insufficient, and a balance still remains due, execution may be issued for such balance as in other cases; *but no such execution shall issue until after the sale of the mortgaged property and the application of the amount realized as aforesaid.*" (Italics supplied.)

The language of these sections is the same as that in sections 3498 and 3499, Comp. Laws Utah 1907.

In *Boucofski* v. *Jacobsen et al.*, 36 Utah, 165, 104 Pac. 117, 26 L. R. A. (N. S.) 898, the fifth headnote reflects the opinion of the court upon the point in question. It reads:

"Under Comp. Laws 1907, § 3498, permitting only one action to enforce any rights secured by mortgage, when judgment shall be given adjudging the amount due and the sale of the property, and section 3499, permitting a general execution to issue against the debtor only after sale of the mortgaged property, there is no personal liability by the mortgagor unless there is a deficiency after

sale, so that an action to foreclose is essentially in rem, and personal service is not necessary except to support a judgment for any deficiency after sale, but, even in absence of personal service, the amount of the deficiency remains a subsisting debt of the mortgagor which may be sued for by the mortgagee."

See, also, *Bacon* v. *Raybould*, 4 Utah, 357, 10 Pac. 481, 11 Pac. 510; *Russell* v. *Hank*, 9 Utah, 309, 34 Pac. 245; *Donaldson* v. *Grant*, 15 Utah, 231, 49 Pac. 779; *Salt Lake Valley L. & T. Co.* v. *Millspaugh*, 18 Utah, 283, 54 Pac. 893; *Howe* v. *Sears*, 30 Utah, 347, 84 Pac. 1107; *Jensen* v. *Lichtenstein*, 45 Utah, 320, 145 Pac. 1036; *Hammond* v. *Wall*, 51 Utah, 464, 171 Pac. 148.

In the light of these decisions, the greater number of which were rendered prior to 1913, it can hardly be contended that the words "personal action," as used in the act in question, were intended to include actions for the foreclosure of mortgages.

Other questions are discussed in the brief of counsel, but they are not controlling; hence a discussion of them would be a needless consumption of time and space. We have not overlooked the point made by respondent that the appeal is on the judgment roll alone, and that the questions presented are unavailable without a bill of exceptions. As respondent did not press the point, and the questions involved are of great practical importance, we concluded to decide the case upon its merits.

The judgment of the trial court is affirmed.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.