FIRST NAT. BANK OF COALVILLE v. BOLEY et al.

No. 5724. Decided October 22, 1936. (61 P. [2d] 621.)

*Thomas & Thomas,* of Salt Lake City, for appellants.

*John S. Boyden,* of Salt Lake City, for respondent.

EPHRAIM HANSON, Justice.

The First National Bank of Coalville filed a complaint in the district court of Morgan county, Utah, by which it sought

to foreclose a second mortgage on land in that county, which mortgage had been given to secure payment of a promissory note duly executed by the defendants. On the defendants' failure to answer, the clerk of the district court of Morgan county on January 28, 1935, entered a default judgment against the defendants as follows: "It is Ordered, Adjudged and Decreed that the said plaintiff do have and recover from the said defendants the sum of seven hundred and no/100 ($700.00) dollars, with interest thereon in the sum of $139.-24 and $100.00 attorney's fees." The same day that the clerk entered that judgment, the court made findings of fact, conclusions of law, and entered a decree thereon. The court recites in its findings that the cause came on for hearing before the court on the 22d of December, 1934; that the default of the defendants had been duly entered for failure to answer the allegations of the complaint; that the court heard testimony in support of the allegations of the complaint; that the note and mortgage were duly executed by the defendants; that there was due on the note $700 principal, $139.24 interest, and that $100 was a reasonable attorney's fee. The decree provided for the sale of the mortgaged premises and is in the usual form in foreclosure proceedings.

An order of sale was issued, directed to the sheriff of Morgan county, commanding him to notice for sale and sell the mortgaged premises. Before the sale could be consummated, the defendants applied to this court for and obtained a writ of certiorari which stayed the proceedings until the matter could be here heard. Defendants also filed and perfected an appeal to this court. The hearings on appeal and on the writ of certiorari were consolidated for hearing in this court, and we shall, for the purposes of this opinion, continue to so treat them.

Appellants here assert that the judgment entered by the clerk of the court of Morgan county was void in that it was a personal judgment; that no personal judgment could be entered against the defendants until after the property was sold under execution and the amount of deficiency, if any,

determined; that the amount of attorney's fees was a matter to be determined by the court and that the clerk could not enter judgment for attorney's fees; that the jurisdiction of the lower court to enter a judgment was exhausted because of the judgment which the clerk entered; that neither the court nor the clerk had any power or authority to enter any judgment in the cause because the complaint was improperly entitled.

The judgment entered by the clerk was a personal judgment. It was a judgment upon which execution could have been issued and the property of the defendants, ■ whether included in the mortgage or not, attached thereunder. It is provided by 104-55-1 and 104-55-2, R. S. Utah 1933, as follows:

"There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. Judgment shall be given adjudging the amount due, with costs and disbursements, and the sale of the mortgaged property, or some part thereof, to satisfy said amount and accruing costs, and directing the sheriff to proceed and sell the same according to the provisions of law relating to sales on execution, and a special execution or order of sale shall be issued for that purpose."

"If it appears from the return of the officer making the sale that the proceeds are insufficient and a balance still remains due, judgment therefor must then be docketed by the clerk and execution may be issued for such balance as in other cases; but no general execution shall issue until after the sale of the mortgaged property and the application of the amount realized as aforesaid."

We have held that under these sections there is no personal liability by the mortgagor until after a foreclosure sale of the security, and then only for the deficiency remaining unpaid, and that a mortgagee may not have a personal judgment against a mortgagor until the security has been first exhausted. See *Zion's Sav. Bank & Trust Co.* v. *Rouse*, 86 Utah 574, 47 P. (2d) 617; *Blue Creek Land & Live Stock Co.* v. *Kehrer*, 60 Utah 62, 206 P. 287.

Under these sections a judgment rendered in foreclosure proceedings must be by the court and not by the clerk. If

the return of the officer making the sale shows that the proceedings are insufficient to satisfy the judgment rendered, the clerk must docket a judgment for the deficiency. No personal judgment except for that deficiency can be rendered by the clerk in foreclosure cases. 104-28-1, R. S. 1933, which authorizes the clerk to enter judgment in certain cases does not give him authority to enter a judgment in foreclosure proceedings. The clerk in entering a judgment is limited to the authority expressly conferred upon him by statute. 3 Bancroft's Code Prac. & Rem., § 1810, p. 2378, and cases cited.

The amount of attorney's fees required a judicial determination which could only be exercised by the court. 3 Bancroft's Code Prac. & Rem., § 1809, p. 2375, and cases cited.

The clerk had no power or authority whatsoever to enter the judgment which he did, and the same is void. That the judgment is a nullity is conceded by the attorneys for the plaintiff. Had defendants made an application, as they should have done, to the district court of Morgan county to vacate and set aside that judgment, no doubt relief would have been granted. The plaintiff claims nothing under that judgment. It was proceeding under the judgment duly entered by the court to sell the mortgaged property and proceeding in accordance with the foreclosure statute. The entering of the judgment by the clerk did not affect the jurisdiction of the court to enter the judgment which it did. No act of the clerk exceeding his authority could oust the court of jurisdiction to render a proper judgment in the case. The decree foreclosing the mortgage and providing for a sale of the mortgaged premises was such as is usual in foreclosure proceedings. No complaint of it is here made, either in form or in substance. Since the action of the clerk had no effect whatever upon the court's jurisdiction and did not and could not affect the power of the court to enter the decree which it did, the decree made by the district court must stand.

Neither is there any merit in the contention of the defendants that the court was without jurisdiction because the complaint was entitled, "In the Third Judicial District Court in and for Morgan County." It is true that Morgan County is in the Second judicial district. That matter is of no consequence, however. The action was properly brought in Morgan county, where the land is situated upon which the foreclosure was sought. That county was properly named in the title of the action. 104-5-2, R. S. 1933, prescribes the proper caption as follows: "In the District Court of .......... County, State of Utah..........., plaintiff, vs. .............., defendant." The naming of the particular judicial district in which the county is situated is surplusage. Whether the district is improperly or properly set forth does not affect the jurisdiction of the court. No prejudice is shown to have resulted to any of the defendants by reason of the error in the title of the court. Nowhere is it claimed that any defendant was misled by the insertion of the words, "Third District," instead of the words, "Second District." Two of the defendants were served with summons which correctly named the district. All the defendants appeared and caused to be filed a general demurrer to the complaint. When this demurrer was overruled and the time had about expired in which they were required to answer, defendants were granted additional time therefor. None of the defendants answered. None claimed to have any defense to the merits of the case. The case of *Glasmann* v. *Second District Court*, 80 Utah 1, 12 P. (2d) 361, has no application. In that case the complaint was filed in the district court of Weber county and the summons served upon defendant required her to appear in the district court of Salt Lake county. By timely motions the defendant sought to quash the service of summons. This court held that such summons did not give the Weber county district court jurisdiction.

The judgment appealed from in this cause and the order

complained of in the certiorari proceeding are affirmed with costs to respondent herein in both proceedings.

ELIAS HANSEN, C. J., and FOLLAND, MOFFAT, and WOLFE, JJ., concur.