## MILFORD STATE BANK v. MURDOCK ET AL.

No. 5836. Decided March 2, 1937. (65 P. [2d] 637.)

*Cline, Wilson & Cline,* of Milford, for appellant.

MOFFAT, Justice.

The action out of which the question herein submitted arose was commenced for the purpose of recovering a money judgment against the defendants, respondents herein, based upon a promissory note executed by both defendants in the year 1930. Judgment was duly entered by the trial court July 1, 1935, awarding judgment in favor of plaintiff and against the defendants and each of them. In March of 1936, an affidavit and undertaking were filed with leave of the court for the purpose of obtaining the issuance of a writ of garnishment. The writ of garnishment was issued by the clerk of the court and was directed to Jos. R. Murdock, Jr., as garnishee, requiring him to hold funds of one of the defendants, namely, Clara F. Murdock, under and in pursuance of the writ. No execution had been issued upon the judgment. After service of the writ, the defendant Clara F. Murdock, who is the only defendant here involved, filed and presented to the court her motion to quash, vacate, and set aside the writ of garnishment and the service thereof. The matter came on for hearing and determination on the 27th day of April, 1936, at which time the trial court rendered its judgment ordering that the motion to quash the writ of garnishment theretofore issued be sustained. The writ was accordingly quashed, vacated, and set aside, and an order or judgment to that effect was duly entered. Appeal is taken from the order and judgment quashing, vacating, and set-

ting aside the writ of garnishment. Plaintiff's assignments of error are three in number: First,

"The court erred in making and rendering its judgment in favor of the defendant Clara F. Murdock and against the plaintiff in quashing, vacating and setting aside the writ of garnishment."

The second assignment makes the same assignment as the first, stated negatively. The third assignment states the same error as being against law.

The three assignments of error made are directed to but one question: May a writ of garnishment issue out of the district court under section 104-19-1, R. S. Utah 1933, after a judgment has been obtained, upon the filing of a proper affidavit and undertaking without the issuance of a writ of execution, or must plaintiff proceed under section 104-19-23, R. S. 1933? The later section provides that an execution must first issue and, if in the hands of the proper officer uncollected and unsatisfied, a writ of garnishment may then issue, and thereupon the credits, effects, debts, and choses in action and other personal property of the judgment debtor in the possession or under the control of a third person as garnishee may be attached for the security of such judgment. We are of the opinion that under that section execution must first issue and be in the hands of the proper officer unsatisfied before a writ of garnishment may issue in aid of it. Appellant, however, contends that garnishment proceedings may be had after judgment has been obtained under the provisions of section 104-19-1, R. S. 1933. We are of the opinion appellant is in error in this contention. That part of the section germane to the issue of this case provides: "Upon the commencement of any personal action arising upon a contract, express or implied or upon any judgment or decree already obtained, or at any time thereafter, the plaintiff may obtain a writ of garnishment by making and filing" with the proper officer as designated in the section an affidavit and undertaking as therein required. Plaintiff's position, as we

understand it, is that a writ of garnishment may be issued under that section "upon any judgment or decree already obtained, or at any time thereafter"; that is, at any time after any judgment or decree has already been obtained. At first thought, counsel's construction seemed to possess merit. We think, however, the position fails to give effect to the language of the statute. Such construction restricts the modifying effects of the phrase, "Upon the commencement," to any personal action arising upon contract, express or implied, and would not permit the modifying effect of the phrase to reach the words "upon any judgment or decree already obtained," and by the construction suggested of necessity would eliminate the issuance of a writ of garnishment upon the commencement of a personal action upon any judgment or decree already obtained.

We are of the opinion that section 104-19-1, supra, was intended to restrict the issuance of a writ of garnishment to the issuance "upon the commencement of any personal action arising upon a contract, express or implied," or upon the commencement of any personal action upon any "judgment or decree already obtained" or at any time after the commencement of such action. The natural order of the words of the section is that plaintiff may obtain a writ of garnishment upon the commencement of any personal action arising upon contract, express or implied, or upon the commencement of any personal action arising upon a judgment or decree already obtained.

The section was intended to enable a plaintiff to reach security for the satisfaction of a personal claim arising upon contract, express or implied, or upon an action based upon a judgment already obtained, where it is desired to obtain a renewal of a judgment or decree or a judgment upon a foreign judgment. If the decree or judgment has already been obtained in a court of local jurisdiction, that decree or judgment by virtue of the terms of the statute becomes, at least in some measure, a secured claim. A judgment in the district court when docketed is a lien upon the real property

of the judgment debtor (section 104-30-15, R. S. 1933) ; so, also, is a judgment of a city court (section 20-4-20) ; a judgment of a justice's court (section 104-75-30) and an award of the Industrial Commission (section 42-1-56) when an abstract thereof has been duly docketed in the office of the clerk of the district court.

Attachment does not issue to reach security for the satisfaction of a judgment that may be recovered if the claim upon which the action is commenced is secured by any mortgage or lien upon real or personal property situate in the state of Utah unless it was so originally secured and such security has, without any act of plaintiff or the person to whom the security was given, become valueless, Section 104-18-1, R. S. 1933. The provisions for attachment and for garnishment are both limited to substantially the same types of claims and were intended to preclude a plaintiff from embarrassing a defendant by attachment or garnishment proceedings in tort actions or upon unliquidated claims. We have found no case squarely in point, and therefore have been compelled to depend upon analogy and interpretation of the legislative policy. There are analogous matters relating to garnishment and attachment not being permitted upon secured claims in the case of *Blue Creek Land & Live Stock Co.* v. *Kehrer*, 60 Utah 62, 206 P. 287, 288, where it is said:

"It is apparent, therefore, that the same legislative policy which was adopted in relation to writs of attachment was adhered to by the Legislature in relation to writs of garnishment, namely, to deny the writ in cases where the debt or obligation is secured by mortgage or lien upon property, * * *

"There is little or no difference in principle between attachment and garnishment proceedings as far as the purpose of the proceeding is concerned. Both have the same object in view. One is to reach the property of the debtor, in his possession or under his control, and the other is to reach his property,"

effects, claims, or credits due or to become due in the possession or under the control of another, and before judg-

ment has been obtained in the action wherein it is sought to reduce the alleged claim to a judgment.

After a party has reduced his claim to judgment, the party in whose favor the judgment is given may, at any time during the life of the judgment and after the date of the entry or docketing thereof, have an execution issued for its enforcement. The execution, however, must be directed to the sheriff of the county in which the writ is to be executed and must intelligently refer to the judgment, the court, and the parties; and if the judgment is for money, the amount thereof, and the amount actually due thereon. If, however, the judgment is made payable in a specific kind of money or property, the execution must so state. There are numerous limitations as to what the execution must contain, depending upon the nature of the judgment, as provided by section 104-37-2, R. S. 1933. But, when any person having a judgment remaining unsatisfied in

"any court in this state, *upon which execution has been issued and is in the hands of the proper officer uncollected and unsatisfied*, [that person] may have a writ of garnishment issued, and thereupon attach the credits, effects, debts, choses in action and other personal property of the judgment debtor in the possession or under the control of any third person as garnishee for the security of such judgment." (Italics added.)

Section 104-19-23, R. S. 1933. The procedure provided by the two sections is different but without conflict and requires the construction here indicated.

One may commence an action upon a foreign judgment or decree. An action so based would seem to come within the terms of section 104-19-1, R. S. 1933, supra. Action may be taken for the purpose of revivor of a judgment. Sections 104-37-6 and 104-37-38, R. S. 1933. When a judgment has already been obtained and execution issued, and when the proper operations have been fulfilled, a writ of garnishment in aid thereof would seem to be adequate for all purposes.

We are of the opinion that no error was committed in quashing, vacating, and setting aside the writ of garnish-

ment issued under the circumstances indicated in this cause. The judgment of the district court of Beaver county is affirmed. Respondent to recover costs.

FOLLAND, C. J., and EPHRAIM HANSON and LARSON, JJ., concur.

WOLFE, Justice (concurring specially).

I concur because I think the whole scheme of chapter 19 of title 104, R. S. Utah 1933, was to require a garnishment in aid of execution to issue as provided for in section 104-19-23, and that the garnishment designed to impound credits during a suit on a contract or on a judgment or decree was provided by section 104-19-1. The two were separate procedures and should not be confused. I do have difficulty with the phrase, "or at any time thereafter," contained in section 104-19-1, for it gives tenability to the argument that it may be after judgment obtained on a contract. Certainly that would be at some time after the commencement of the suit on the contract or the judgment. The words lower down in the section reading, "on such contract, judgment or decree sued upon," certainly bear out the idea that the section was meant to apply not for the purpose of collecting money on a judgment obtained, but to sequester credits pending outcome on a judgment or contract sued upon. Also in section 104-19-7 the sentence shows that it was intended that garnishment generally covered by this chapter 19 was to impound credits pending judgment. Section 104-19-23, entitled "Garnishment After Judgment," was included in the general chapter on Garnishment to cover the method of executing on a credit owing defendant. And many of the same provisions applicable to the garnishment designed to impound credits when they were appropriate, were by this section 104-19-23, by express wording, made applicable in "cases of garnishment after judgment." I believe, therefore, that the general plan as revealed by chapter 19, to separate in part the procedures for obtaining a garnishment pending judgment from that pertaining to garnishment in aid of

execution, overrides the reasoning which may be made from the presence of the phrase, "or at any time thereafter," in section 104-19-1.