D. D. MALLORY, Respondent, *v.* EDWARD A. KESSLER and ENOS D. HOGE, Appellants.

Trust Deed—Sale Under Terms of—Action at Law for Deficiency—Notice of Sale—Sufficiency of

1. *Trust Deed—Action at Law for Deficiency—Section 3460 C. L. U. 1888:*

Where property is sold under a power in a trust deed and the proceedings are regular, the amount realized on the sale may be treated as a payment on the note, and the holder has his action at law for deficiency, sec. 3460, C. L. U. 1888, being no bar to such action.

2. *Sufficiency of Notice of Sale.*

Where a trust deed contained a provision for thirty days previous notice of sale by publication, and the proof showed publication in a newspaper from the 25th of June to the 25th of July, both inclusive; that the paper was issued in the morning of each day, and that the sale was made at noon July 25th, the notice was sufficient.

(Decided September 26, 1898.)

Appeal from the Third district court, Salt Lake county, Hon. A. N. Cherry, *Judge.*

Action at law by D. D. Mallory against E. A. Kessler and E. D. Hoge to recover $2,274.67 as a deficiency after sale under a trust deed. From a judgment for plaintiff, defendants appeal. *Affirmed.* The opinion states the facts.

*Messrs. Varian & Varian,* for appellants.

The language of 3460 Compiled Laws of Utah is imperative and unmistakable. But one action is permitted for the recovery of any debt secured by mortgage, and such

action must be in accordance with the provisions of chapter 1.

At common law a mortgage, after the condition day, was an absolute conveyance. The right of redemption was the creation of a court of equity, which said to the creditor, "If you keep the property, you shall not pursue your debtor to judgment at law, if he desires to redeem. If you are unable to recover we will enjoin your action at law." *Perry* v. *Barker*, 12 Vesey Jr. 198; *Gillman* v. *I. M. Telegraph Co.*, 91 U. S. 615–616; Pomeroy Equity, Vol. 3, Sec. 1183; *Lyster* v. *Dolland*, 1st Vesey Jr. 434; *Perry* v. *Barker*, 8 Vesey Jr. 531.

In accordance with this plain provision (Sec. 3460) it has been held that the mortgagee cannot waive his mortgage and sue at law for the debt. *Bartlett* v. *Cottle*, 63 Cal. 366; *Barbieri* v. *Ramelli*, 84 Cal. 157; *Hebernia S. & L. Society* v. *Thornton*, 109 Cal. 428.

This court has held that a trust deed may be foreclosed in equity, the power of sale being a cumulative remedy. *Dupree* v. *Rose*, 10 Utah 305.

This action cannot be maintained because it is not the action contemplated by the statute. This court has not decided the question, yet, has apparently taken a similar view of the statute. *Russel* v. *Hank*, 9 Utah, 373; *Thompson* v. *Cheesman*, 15 Utah, 21.

The sale was had upon insufficient notice, and the price realized therefor affords no basis for determining the deficiency.

There was not thirty full days' notice given, and if the contract requires such notice, the sale was void and this action cannot be maintained. *Baldridge* v. *Walton*, 1 Mo. 520; *Gibson* v. *Jones*, 5 Leigh, 370; *Jackson* v. *Clark*, 7 John, 226; *Parson* v. *Lamming* (N. J.) 12 C. E. Green, 70; *Bunce* v. *Reed*, 16 Barb, 350; *Finlayson* v.

*Peterson,* (N. D.) 67 N. W. 954; *Wilson* v. *Northwestern Co.,* 65 Fed. Rep. 38; *Meredith* v. *Chanay,* 59 Ind. 466; *Early* v *Doe* 18 Howard, 517; *Luch* v. *Hill,* 21 S. W. 185.

*Frank Pierce, Esq.,* for respondent.

We are entitled to a deficiency judgment.  1 Jones on Mortgages (5th Ed.), sec. 950: *Shepard* v. *May,* 115 U. S., 511.

Our legislature has recognized the right and power to foreclose a trust deed by strict foreclosure.  Session Laws 1897, p. 265; Revised Statutes 1898, Sec. 3271.

The notice was sufficient.  Time is computed according to our code by excluding the first and including the last day.  II Compiled Laws Utah, 1888, Sec. 2992.

In computation of time it is nearly universal to exclude the first and include the last day.  26 Am. and Eng. Enc. 3, and cases cited.  Note 1, page 5.

The judgment should be affirmed.

BARTCH, J.

In this case it appears that the defendants borrowed of the plaintiff the sum of $6,000, and evidenced the same by their note secured by a trust deed.  Upon failure of payment, the property given as security was sold, under the power in the deed, and the proceeds applied in payment of the note.  This left a balance of $2274.67, as a deficiency, to recover which the plaintiff instituted this suit.

Two questions are presented on this appeal: First, after sale, under a power in a trust deed, can an action at law be maintained for a deficiency?  Second, was the notice of sale sufficient under the terms of the trust deed?

As to the first point, counsel for the appellants contend

that there can be no action for a deficiency, arising after sale, pursuant to a power in a mortgage or trust deed, and rely on sec. 3460, C. L. U. 1888. In that section it is provided: "There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter."

The proceedings of foreclosure are then indicated, and while, under the statute, but one action can be maintained on the original debt secured by mortgage, still we apprehend that it was not the intention of the legislature to prohibit the bringing of an action, on a deficiency, simply because the debt, out of which the deficiency was derived, was so secured. Nor does such intention appear from the context. Because but one action can be maintained to recover a debt secured by mortgage, it does not follow that no action can be maintained to recover a balance due which remains unsecured. The object of the statute doubtless is to compel the mortgagee to exhaust his security before having recourse to the general assets of the debtor. The balance or deficiency, after it has been properly ascertained, whether by sale under a power or by foreclosure in equity, constitutes a subsisting indebtedness as well as did the original debt. In other words, the deficiency constitutes a right in the creditor as against the debtor, and to this right the maxim, *ubi jus ibi remedium*, is applicable.

We are therefore of the opinion that, in a case like the one at bar, the amount realized by sale under the power may properly be treated as a payment on the note, and that the creditor may, by action at law, enforce payment of the balance remaining unpaid and unsecured. Jones on Mortgages, sec. 950; 4 Kent. Comm. 183; *Blumberg*

*v. Birch,* 99 Cal. 416; *Merced Bank* v. *Casaccia,* 103 *Id.* 641; *Vandewater* v. *McRae,* 27 *Id.* 596; *Shepherd* v. *May,* 115 U. S. 505.

The second point contended for, by counsel for the appellants, is not tenable. The proof shows that the notice of sale was first published in a newspaper on the 25th day of June, 1895, and continuously thereafter to and including the 25th day of July; that the paper was issued in the morning of each day; and that the sale was made at noon on July 25, 1895. The publication of notice was sufficient under the terms of the trust deed which required "thirty-day previous notice of sale" to be given "by publication, in any newspaper" before making sale. We discover no error in the record. The judgment is affirmed.

ZANE, C. J., and MINER. J., concur.