THE SALT LAKE VALLEY LOAN & TRUST COMPANY, PLAINTIFF AND RESPONDENT *v.* J. F. MILLSPAUGH AND MARY C. MILLSPAUGH, DEFENDANTS AND APPELLANTS.

*Pleading.*

> Sec. 3460, C. L. U. 1888, provides: That there can be but one action for the recovery of any debt secured by mortgage, and further provides, in effect: That such action shall be for foreclosure.

> *Held,* In a complaint for deficiency upon a note, to secure which a trust deed had been given, an allegation, that a portion of the security was, by consent of all parties, released from the operation of the trust deed, is a material allegation.

*Actions.*

> Under the statute cited, *Held,* That the security must first be
> exhausted, as to quantity and value, before other property of
> the debtor can be resorted to for the payment of the debt.

*Burden of Proof.*

> In an action for deficiency upon a note, to secure which a trust
> deed, upon three tracts of land, had been given, one of the
> tracts having been released, by agreement between the re-
> spondent, payee of the note, and the appellant's grantee,
> without the knowledge or consent of the appellants, makers
> of the note, the balance of the security being subsequently
> sold, under the power in the deed of trust, *Held,* That the
> burden is upon respondent to show that the sum of $2250,
> realized by it upon the release of the tract and credited upon
> the note, was not less than the fair valuation of the tract
> released

(Decided October 29, 1898.)

Appeal from the District Court Salt Lake County,
Hon. A. N. Cherry, *Judge.*

Action by plaintiff against defendant to recover a defi-
ciency on a promissory note secured by a trust deed, after
a sale of a portion of the property mentioned in the trust
deed but not by virtue of the power therein contained, and
after a sale of the balance of the proporty mentioned in
the trust deed, in compliance with the power of sale in
the trust deed mentioned.    From a judgment for plaintiff
defendants appeal.    *Reversed.*

*Messrs. Williams, Van Cott & Sutherland,* and
*Charles Baldwin, Esq.,* for appellants.

The burden of the proof at the trial was upon respond-
ent to show the value of lot 3 at the time the same was
released, and the trial court erred in holding that the
burden of proof was upon appellants.

In 1 Enc. of Law, p. 95 (1st Edition), it is held: "Whoever desires any court to give judgment as to any legal right or liability dependent upon the existence or non-existence of facts which he asserts or denies to exist, must prove that those facts do or do not exist."

In 2 Ency. of Law, 665 (1st Edition), it is said: "The party having the burden is the party who, if no proof is offered, will be defeated in the suit."

Our code, C. L. 1888, Sec. 3460, provides: "There can be but one action for recovery of any debt or the enforcement of any right secured by mortgage, either upon real estate or personal property."

This section has been held over and over again to change the rule of common law, so that the mortgagee cannot maintain suit on the note without resorting to the security, and it has further been held in California and in this state, that the security must be exhausted before other property can be resorted to to satisfy the debt. *Barbieri* v. *Ramelli*, 84 Cal. 154.

*E. D. R. Thompson, Esq.*, for respondent.

The trial court did not err in holding that the burden of proof was upon appellants to show that the actual consideration paid at the sale of lot 3 was not the true value of the lot. The recital in a deed of a valuable consideration is evidence that that was the true and only consideration until the contrary is shown, *Bridges* v. *Russell*, 30 Mo. App., 258.

The acknowledgment of the receipt of the consideration for a deed is *prima facie* evidence of that fact, throwing the burden of proof on the one denying it. *Stone* v. *Duvall*, 77 Ills., 475.

In every case the *onus probandi* lies on the party who wishes to support his case by a particular fact which lies

more peculiarly within his knowledge, or with which he is supposed to be cognizant. Bailey on *Onus Probandi*. 1-5

The burden of proofs being rightfully on appellants, the trial court will not disturb the findings as to value unless made against the clear preponderance of the evidence, *Henderson* v. *Adams*, 15 Utah, 30; *Darke* v. *Smith* 14 Utah, 35; *Silva* v. *Pickard*, 14 Utah, 245.

MINER, J.

In August, 1892, appellants borrowed from the respondent $4,000, and gave their promissory note due in three years, secured by a trust deed on three pieces of property in Salt Lake City. On April 15, 1893, appellants sold all this property to A. J. Schlager for $15,000, $8,000 of which was paid for lot 3, block 24, plat "F," Salt Lake City Survey, covered by the trust deed, and $7,000 for the other property. The deed to Schlager only recited the fact that the title was taken subject to the incumbrance of the trust deed, and the grantee did not in terms in such conveyance assume or agree to pay the incumbrance. Appellants' grantee Schlager paid the interest to respondent that was due on April 15, 1893, but appellants never paid any interest or principal after the sale of the land, and were never requested to do so. Whatever was paid on the note thereafter was paid by Schlager. On October 5, 1895, the grantee Schlager desired to sell said lot 3, and for that purpose conferred with respondent, and it agreed with him to release, and said lot was released from the trust deed in consideration of the sum of $2250, that being the sum for which it was sold, and said sum was credited upon said note as of August 23, 1895. Appellants, the makers of this note and trust deed were not consulted with, did not consent to, and had no knowledge of the release of lot 3, from the deed of trust. After this

the respondents sold the balance of the property under the power in the deed of trust, and in pursuance with its terms.     After these sales there was still a deficiency of $598.53, due upon the note, and this action was brought against the appellants to recover this deficiency.

The complaint alleged that said lot 3 was released from the operation of the trust deed, and that part of the purchase price was applied upon the note.

After the plaintiff had closed its case, without offering any proof as to the value of lot 3, the defendants below, appellants here, moved for a judgment of non-suit for the reason that plaintiff had not shown the market or any value of lot 3, at the time it was sold or at any other time. The motion was overruled, and defendants introduced testimony tending to show that the market value of said lot 3 was $3000, at the time of the release and sale.

After the defendants had rested their case plaintiff offered testimony tending to show that the lot was only worth from $1800 to $2250, at the time of the sale.     This testimony offered by the plaintiff was objected to on the ground that it was not in rebuttal; that the burden was upon the plaintiff to show in its main case the value of the property at the time the lot was sold and released.

The court held that the burden of proof was on the defendants to show the amount for which the lot was released and sold was not the market value of the same, and that plaintiff's offer to show its value was proper rebutting testimony.     In making the ruling the court remarked that the defendants had not convinced him that lot 3 was worth more than $2,250, and that the burden was upon them to do so, and that therefore the court would find that the lot was not worth more than $2,250. The defendants excepted to these rulings, and appealed from the judgment awarding the plaintiff the amount claimed as a deficiency upon the note.

The question to be determined upon this appeal is, whether the burden was upon the respondent or the appellants to show the value of the lot at the time it was released and sold.

The plaintiff alleged in its complaint that said lot 3 was, by consent of all parties, released from the operations of the trust deed, but offered no evidence in its main case to establish the fact alleged; but on the contrary it appeared that lot 3 was released without the knowledge or consent of the appellants. This allegation in the complaint was material.

Sec. 3460, C. L. U. 1888, provides, that there can be but one action for the recovery of any debt secured by mortgage. Under this statute the security must be exhausted as to quantity and value before other property of the debtor can be resorted to for the payment of the debt. *Mallory* v. *Kessler, et al.*, 18 Utah, 11, 54 P. R. 892; *Barbieri* v. *Ramelli*, 84 Cal. 154.

The plaintiff alleged facts to convince the court that the security was exhausted when this case was commenced. This involved the fact that the security had been released for its full value, because nothing short of its full value was an exhaustion of the security. It was therefore incumbent upon it to show its full value at the time of the release. The party having the burden of proof is the party who, if no proof is offered, will be defeated in the action.

Having released lot 3 from the operation of the trust deed without the maker's knowledge or consent, and having commenced the action to recover for the deficiency due upon the note and trust deed, it was made the duty of plaintiff to show by competent testimony in its direct case that the makers of the note and deed of trust suffered no loss by its disregard of the stipulation in the deed to the

effect that in case of default in payment, the property covered by the deed should be sold at public sale after due publication of notice.

Had the respondent adhered to its contract, and sold under the power therein granted, the presumption would follow that the property brought its full value, and it would thereby have exhausted its security; but when it departed from the stipulations of the deed requiring it to sell at public sale under the power given, and voluntarily released the property for a certain consideration, it undertook, and was chargeable with showing in its main case that defendants received credit upon the note and deed for the full value of the property released, and that it released the security for all it was worth at the time it was released. The fact that defendants received a credit of $2,250 on the debt, for the release, is not equivalent to a showing on oath that the property was only of the value of $2,250, or that the security was exhausted. The property may have been worth more than the sum credited.

The court held that the appellants had the burden of proof, and that the testimony as to value was so evenly balanced that it must find the issues in favor of the respondents. This holding was material and operated to the injury of appellants. To hold otherwise, would be to allow a mortgagee, after transfer of the title by the mortgagor to make a secret and possibly fraudulent contract and agreement with third parties concerning the sale and disposition of the mortgaged property for his own benefit, and to the great disadvantage of the mortgagor, who would remain liable for the deficiency. No case has been cited where such an unjustice has been permitted. *Woodman* v. *Brown*, 119 Cal. 283. Jones on Mortgages, Sec. 678a. *Brown* v. *Willis*, 67 Cal. 235.

We are of the opinion that the court erred in holding that appellants had the burden of proof in establishing the value of the land released from the trust deed.

The judgment of the district court is reversed, with costs, and a new trial granted.

ZANE, C. J. and BARTCH, J., concur.