[Sac. No. 835.    Department One. — August 13, 1901.]

SACRAMENTO BANK, Appellant, v. MARGARET COPSEY et al., Respondents.

TRUST DEED — DEFICIENCY AFTER SALE — ACTION BY PAYEE OF NOTE SECURED. — Where a deficiency exists after a sale regularly made under a trust deed to secure a promissory note, the payee thereof, after having credited upon the note the amount received from the sale, less the costs of sale, may maintain an action against the maker to recover the balance due upon the note.

ID. — SALE TO BANK BY INTERESTED TRUSTEES — VALIDITY. — The fact that the payee of the note secured was a bank, in which the trustees named in the trust deed were interested as directors and stockholders, cannot affect the validity of a sale to the bank, which was otherwise regularly made, in accordance with the deed of trust.

ID. — NOTE RENEWABLE FROM YEAR TO YEAR, AT OPTION OF HOLDER — MATURITY — SALE UNDER CONTRACT — NON-PAYMENT OF INTEREST. — A note secured by trust deed, payable one year after date, with a promise that "if this note is not paid at maturity, it is hereby renewed from year to year, at the option of the holder, until paid, and during such year the makers shall not have the right to pay the same," it seems, should be reasonably construed, as giving to the holder the option to treat the note as not renewed, at the expiration of any year, and to insist upon a sale within a short period thereafter, upon proper notice; but such construction is not material, where the sale was expressly authorized under the contract, for interest past due and unpaid.

APPEAL from a judgment of the Superior Court of San Joaquin County.    Joseph H. Budd, Judge. ·

The facts are stated in the opinion of the court.

Freeman & Bates, for Appellant.

J. F. Ramage, and J. B. Hall, for.Respondents.

GAROUTTE, J.— Defendants executed a trust deed for the purpose of securing the payment of a promissory note in favor of plaintiff.    The trustees, after breach in the condition of the deed, sold the land, and credited the amount received from the sale upon the note, less the costs of the sale.    Plaintiff then brought the present action to recover the balance due upon the note.    Judgment went against it, and this appeal is prosecuted therefrom.

As indicated by an opinion found in appellant's brief, the trial court seemed to hold that plaintiff must look alone to the land described in the trust deed for the satisfaction of its note, and this position is now maintained by respondents' counsel. No case is cited to support this proposition of law, other than *Koch* v. *Briggs*, 14 Cal. 261,[1] and that case fails to do so.    The question was not there involved, and the language relied upon does not go to the lengths here claimed.    Upon the contrary, it seems that both upon principle and authority the law is the other way.    Indeed, the case of *Howard* v. *Ames*, 3 Met. 311, cited by respondents as to another proposition, is directly opposed to their claims in this regard.    It is there said: "The specific property in such case is appropriated to the payment of the specific debt, so that the money to be realized from the sale would operate, *ipso facto*, as payment of the debt, without any further act or agreement of the parties.    If, then, an action is brought against the debtor for the balance of that specific debt, it seems to us that it is a good answer to show that if the pledged property had been fairly managed and properly sold, it would have been sufficient to pay the whole debt, and that there would have been no balance due."    In *Mallory* v. *Kessler*, 18 Utah, 11,[2] the court says: "The balance or deficiency, after it has been properly ascertained, whether by sale under a power or by foreclosure in equity, constitutes a subsisting in-

[1] 73 Am. Dec. 651.                    [2] 72 Am. St. Rep. 765.

debtedness, as well as did the original debt. We are therefore of opinion that in a case like the one at bar the amount realized by sale under the power may properly be treated as a payment on the note, and that the creditor may by an action at law enforce payment of the balance remaining unpaid and unsecured."

Upon principle, it may be said that a person having exhausted his remedy under the trust deed, and a balance still remaining unpaid upon the note, is entitled to bring a direct action for the recovery of that balance. It is unnecessary for the purposes of this case to decide whether or not the remedies by suit upon the note and by sale of the property are concurrent; for here the sale was first made and the amount received paid upon the note. If respondents' position be sound, it might equally as well be claimed that a sale under foreclosure would satisfy the note secured, regardless of the amount brought at the sale. The promissory note in this case was an express contract to pay plaintiff a certain sum of money, and its terms can only be satisfied by the payment of that amount. There is no covenant in the deed that a sale of the land under its provisions shall constitute a satisfaction of the debt. And it certainly would be an unauthorized construction of the instrument to hold that, by its terms, if the land at the sale brought more than the amount of the note and costs, then the residue should be returned to the original owner, but if it brought less than that amount, still the note would be satisfied in full. Upon this branch of the case we conclude that if a sale of the land results in a failure to produce a sufficient sum to satisfy the note and costs, then a balance thereon still remains due and unpaid, which the creditor is entitled to recover in an action brought upon the note.

It is next claimed by respondents that the trustees conducting the sale being stockholders and directors of the bank, the creditor, the bank being the purchaser at the sale, that for these reasons the sale was void. The question thus raised has been squarely met and decided against respondents' contention in another branch of this same litigation. (*Copsey* v. *Sacramento Bank, ante,* p. 659.)

It is next claimed that the sale by the trustees was void by reason of its being prematurely had, and also by reason of a defective notice thereof. In this regard it is contended that

the note was not due when the sale was had, and the following provision thereof is relied upon to sustain this contention: "If this note is not paid at maturity, it is hereby renewed from year to year, at the option of the holder, until paid, and during such year the makers shall not have the right to pay the same." The note was dated November 6, 1894, and payable one year after date. The sale was had November 22, 1897. If the sale could not be had upon November 22d, by reason of this provision in the note, it never could be had; for if the note was not due and payable at that time, it never would become due and payable. The provision of the note above quoted is unique, and in every way favorable to the bank alone. At the same time, a reasonable construction must be given it, and the one just suggested would be most unreasonable. When plaintiff, by the trustees, proceeded to advertise the property for sale under the trust deed, its action was a declaration that it treated the note as due. By the provision quoted, plaintiff had the option to consider the note renewed from year to year, and if it did not so consider it renewed, it could, at any time after the expiration of the first year, insist upon a sale. The clause in the above-quoted provision which denied to defendants the right to pay the note during the year when plaintiff considered it renewed, has no force here, for, clearly, plaintiff, by its act in insisting upon a sale, showed that it did not exercise the option given it, of considering the note renewed for another year. The note not being renewed at the time of the sale, it was due and payable, and defendants had the right o pay it at that time. The notice of sale in all substantial matters fully complied with the law.

For the foregoing reasons the judgment is reversed and the cause remanded.

Van Dyke, J., and Harrison, J., concurred.

On September 12, 1901, the following opinion was rendered upon petition for rehearing: —

THE COURT. — By petition for rehearing, defendants have vigorously attacked the soundness of the construction given by the court to the provisions of the promissory note here involved, wherein it was concluded that the note was due when the sale of the premises took place. Whether or not that con-

struction be the true one, seems to be wholly immaterial.   For, clearly, the interest provided for by the note was due and owing at the time the sale was had, and under the contract a sale could be made to satisfy the interest.

Hearing in Bank denied.