BAWDEN AND ASSOCIATES and Dean Bawden, Plaintiffs and Respondents,

v.

Alvin R. SMITH and Sandra Smith, Defendants and Appellants.

No. 17006.

Supreme Court of Utah.

Jan. 20, 1981.

---

* Crockett, Justice, concurred in this case before his retirement.

Alvin R. Smith, Sandra Smith, pro se.

William F. Hanson of Parsons & Crowther, Salt Lake City, for plaintiffs and respondents.

PER CURIAM:

This is an action to foreclose two real estate mortgages executed by the defendant Alvin R. Smith. A ten-day summons was served on Sandra Smith, wife of the

defendant, on September 26, 1979, but inasmuch as no complaint was filed, the matter was deemed dismissed.[1] On October 25, 1979, a ten-day summons was served on Alvin R. Smith, and the complaint was timely filed. No claim is made by plaintiff that Sandra Smith was thereafter to be a party to this action. A single copy of the complaint was mailed in an envelope addressed jointly to Alvin R. Smith and Sandra Smith at their residence.

Mr. Smith failed to answer and a judgment by default was taken against him. Approximately one month later, Mr. Smith moved the court to set aside the default on the ground that the court lacked jurisdiction because of the insufficiency of process and service of process. Specifically, he contends that Rule 3(a), U.R.C.P., requires plaintiff to separately mail to each defendant a copy of the complaint. He further contends that there exists a variance between the title or style of the summons and complaint and that such variance renders process ineffective. The trial court denied defendant's motion and he appeals therefrom.

Jurisdiction over the defendant attached upon the service of summons and defendant was thereby given notice of the proceedings and the nature thereof.[2] The subsequent receipt of the complaint is simply to provide defendant with the specific allegations of plaintiff's claim. Under ordinary circumstances, plaintiff's failure to comply with the mailing requirements is not fatal to the jurisdiction of the court. In fact, Rule 3(b) specifically sets forth defendant's remedy in the event of plaintiff's total failure to serve a copy of the complaint. Here, defendant did receive a copy of the complaint and the fact that the envelope carrying the complaint was addressed to another person, in addition to defendant, cannot be employed to invalidate the jurisdiction of the court. The fact remains that defendant received all of the

1. Rule 3(a), U.R.C.P.

2. Plaintiff's description of the nature of the proceedings included not only the general description of mortgage foreclosure and the amounts, but the actual legal descriptions of the properties in question.

notice he would have received if plaintiff had strictly complied with Rule 3(a). Accordingly, jurisdiction having properly attached upon service of the summons, the trial court was within its discretion in refusing to set aside the default upon the technicality raised here. This is especially true when defendant has shown no prejudice has befallen him as a result of the events.

■ Of somewhat greater concern is defendant's argument regarding the variance between the title of the summons and that of the complaint. The plaintiff in the summons is shown as "Bawden and Associates and Dean Bawden," while that of the complaint is shown as "Dean Bawden dba Bawden and Associates." The defendants in the summons are denominated "Alvin R. Smith and Sandra Smith," while the complaint names these persons and includes two additional individuals as defendants. While the title of the action may have changed in some detail, the fact remains that the property involved, the amount involved and the relief sought, as to defendant, were identical to the statements contained in the summons. Defendant has not claimed that he was confused by such variances, but only that the technicalities of proper pleading were breached. Without some showing of prejudice, we agree with the trial court that defendant was not, in any way, put to his disadvantage as a result of these changes. While technical accuracy and continuity are more desirable, the lack thereof should not be a basis for overturning the lower court unless the aggrieved can show resultant harm.[3] None has been alleged or proven here. Accordingly, the order of the trial court refusing to set aside the default is affirmed.

STEWART, J., dissents.

---

**3.** *Downey State Bank v. Major-Blakeney Corp.,* Utah, 545 P.2d 507 (1976). *Downey* also requires a defendant, in moving to set aside a default, to proffer a defense which has at least sufficient ostensible merit as to justify a trial on the issues. Defendant has offered no defense at all.