Donald H. MEYERS, and Engineering Enterprises, Inc., dba Intermountain Aerial Surveys, Plaintiffs and Respondents,

v.

INTERWEST CORPORATION, a Utah corporation; Skychoppers of Utah, a Utah corporation; and Skychoppers of Colorado, a Colorado corporation, Defendants and Appellants.

No. 17070.

Supreme Court of Utah.

July 15, 1981.

David K. Watkiss, H. Wayne Wadsworth, Salt Lake City, Fred C. Begy, III, Chicago, Ill., for defendants and appellants.

Robert W. Brandt, Salt Lake City, for plaintiffs and respondents.

STEWART, Justice:

The dispute in this case arises because of a defect on the face of the summons served on defendant, Skychoppers of Colorado, and a subsequent amendment to the summons to cure the defect, after the statute of limitations had run. Skychoppers appeals from the trial court's order granting plaintiffs' motion to amend the summons and denying defendants' motion to dismiss for lack of jurisdiction.

On the final day of a four-year statute of limitations period, plaintiff filed a complaint alleging a cause of action against three defendants for damages as a result of a helicopter accident which occurred in Colorado on August 8, 1974. Defendant, Skychoppers, was served in Colorado on August 15, 1978, pursuant to the Utah Long-Arm Statute, §§ 78–27–22, et seq., Utah Code Ann. (1953), as amended. Skychoppers has not filed an answer. On August 7, 1980, approximately two years after service of process, Skychoppers filed a motion to dismiss on the ground that the summons stated that the defendant had twenty days within which to file an answer. Skychoppers claims that the law allowed it thirty days and that the summons was therefore invalid and the court lacked jurisdiction over it.

Rule 4(c) of the Utah Rules of Civil Procedure states that a summons shall state the time within which a "defendant is required to answer." Rule 12(a) provides that a defendant shall serve "his answer within twenty days after the service of the summons is complete unless otherwise expressly provided by statute . . . ." Section 78–27–27 of the Long-Arm Statute states: "No default shall be entered until the expiration of at least thirty days after service." It does not state when an answer must be filed.[1] For the purpose of this opinion we assume, as do the parties, but without deciding, that § 78–27–27 should be construed to extend the time for filing an answer to thirty days in a case based on long-arm jurisdiction.

It is axiomatic that a court acquires power to adjudicate by proper service of process which imparts notice that the defendant is being sued and must appear and defend or suffer a default judgment. In that manner a court acquires jurisdiction to enter a judgment against a party. *Murdock v. Blake*, 26 Utah 2d 22, 484 P.2d 164 (1971).

Skychoppers' contention that the action must be dismissed for lack of jurisdiction because of the defective summons is based on *Martin v. Nelson*, Utah, 533 P.2d 897 (1975). In *Martin* the process was defective in several respects. The process server had falsified the return of service in several particulars. In addition, the summons stated that an answer was required to be filed in twenty days. This Court held that the defects in the return and the summons made the process invalid and that the defects were jurisdictional. Accordingly, the court set aside a default judgment. No attempt had been made to amend the return or the summons. Under the circumstances, it is doubtful whether the return could have been properly amended in any event.

The instant case is distinguishable from *Martin v. Nelson*. First, the defects in the process in *Martin* may have resulted in lack of actual, timely notice to the defendant. The opinion does not indicate whether the defendant was in fact served with a summons prior to the entry of the default judgment. Certainly falsification of vital information on the return is likely to affect directly the fairness of a court's proceeding to enter a default judgment on a claim. On that basis, together with the statement in the summons as to when an answer had to be filed, *Martin v. Nelson* held that the action should be dismissed for lack of jurisdiction. However, *Martin* should not be extended beyond its facts.

In the instant case the defendant was properly served with a summons and was

---

1. Section 78–27–27 does not expressly alter the twenty-day requirement for answering, but rather establishes that a default judgment cannot be entered until the expiration of at least thirty days after service.

put on notice that it was being sued and would have to take action to defend itself. There is no showing that the defendant relied to its detriment on the twenty-day period stated in the summons; nor does it seem possible that the defendant could have been harmed by reliance on that statement. Indeed, had the defendant relied upon it, an answer would have been filed in a timely fashion, and the issue before this Court would not have arisen because the period stated was in fact shorter than that allowed by law for entry of a default judgment.

 Incanting the word "jurisdictional," at least in the context of this case, does not raise the defect in the summons to the level of interdicting the exercise of all power by the court to act in this matter. Even assuming for purposes of argument, that the trial court did not have the power, i. e. jurisdiction, to enter a default judgment, it does not follow that it had no jurisdiction to permit an amendment of the summons. Rule 4(h) of the Utah Rules of Civil Procedure specifically allows an amendment to be made to the summons "at any time." That rule reads:

At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service

thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

It is true that the amendment to the summons was not made until after the statute of limitations had run. Nevertheless, we do not construe that fact as amounting to "material prejudice . . . to the substantial rights of the party against whom the process issued." The defendant was clearly on notice by means of a summons and complaint, which were filed prior to the running of the statute, that it was being sued and would have to marshall its witnesses and evidence. Although the summons may have been defective, the defect was inconsequential, and the passage of time did not deprive the trial court of the power to permit an amendment. At least to some extent, which need not be defined here, Rule 4(h) permits a curing of defects in the process or proof of process after the statute of limitations has run.

Specifically, we hold that the trial court had jurisdiction to entertain a motion to amend the summons, even after the running of the statute of limitations, for the reasons stated in *State ex rel. Kalich v. Bryson*, 253 Or. 418, 453 P.2d 659 (1969).[2]

2. That case stated:
We ordinarily explain [the fact that a default judgment is void if the defendant received no notice of the time for answering] by stating that because the defendant failed to receive proper notice the court did not have jurisdiction. It is more accurate to say that because of the lack of the notice to the defendant the court did not have jurisdiction *to enter a default judgment.* [Emphasis in original.]

*But, it does not follow that a failure to give such notice to the defendant deprives the court of jurisdiction for all other purposes. If the court's action does not deprive the defendant of an interest which deserves legal protection, there is no reason for concluding that the court does not have jurisdiction. We do not think that the failure to give [defendants] notice of the time within which to appear or answer invaded any interest of theirs worthy of protection to such an extent that the court did not have jurisdiction to entertain a motion to amend the summons.* [Emphasis added.]

For the purpose of preparing their defense, [defendants] had as much information con-

cerning the action brought against them as if the summons were perfect in form. The defect in the notice involved in the present case could harm the [defendants] only if plaintiff's delay in amending the summons deprived then of the opportunity to take whatever action was necessary for the defense of their case.

The question of the sufficiency of the summons to give the court jurisdiction for the purposes here discussed involves essentially the same considerations as those presented where a plaintiff seeks to amend his complaint after the period of the statute of limitations has run. The amendment is allowed if it does not introduce a substantially new issue. If no new issue is involved the notice received by the defendant in the original complaint is deemed sufficient to alert him to the need for gathering his evidence and preparing his case. We are of the opinion that whatever inconvenience may be caused to the [defendants] through the failure of the summons to give notice of the time within which to appear or answer it is not sufficient to warrant the conclusion that jurisdiction

Furthermore, the amendment relates back to the initial summons, just as amendments to complaints may relate back to the initial filing of the complaint, Rule 15(e), Utah Rules of Civil Procedure, notwithstanding the intervening running of a statute of limitations. Cf. *Peterson v. Union Pac. R. Co.*, 79 Utah 213, 8 P.2d 627 (1932).

Our construction of Rule 4(h) is in accord with the liberal construction which should be given the Utah Rules of Civil Procedure. The same approach has been taken with the similar provision in the Federal Rules of Civil Procedure. Rule 4(h) has been liberally construed to afford litigants their day in court on the merits of their claim. *United States v. A. H. Fischer Lumber Co.*, 162 F.2d 872 (4th Cir. 1947); *Smith v. Boyer*, 442 F.Supp. 62 (W.D.N.Y.1977). As stated in 2 *Moore's Federal Practice* § 4.44 (2nd ed. 1980), "[u]nder Rule 4(h) amendment of process should be freely allowed for seldom will material prejudice result to the substantial rights of the party against whom the process issued by reason of defect therein." When the proper defendant has received actual notice of the suit and notice of the facts upon which the complaint is based, the possibility of prejudice is greatly diminished. *Smith v. Boyer*, 442 F.Supp. 62 (W.D.N.Y.1977). See *Bawden and Associates v. Smith*, Utah, 624 P.2d 676 (1981).

In the absence of prejudice, it is appropriate to pursue that policy which favors resolution of disputes on the merits rather than technicalities. Accordingly, amendments are allowed to complaints and process, even though the amendment relates back to the time of original filing and even though, but for the right to amend, the limitation period would have run. *Metropolitan Paving Co. v. International Union of Operating Engineers*, 439 F.2d 300 (10th Cir. 1971), *cert. denied*, 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971); *Jackson v. Duke*, 259 F.2d 3 (5th Cir. 1958); *Grandey v. Pacific Indemnity Co.*, 217 F.2d 27, 29 (5th Cir. 1954); *State ex rel. Kalich, v. Bryson*, 253 Or. 418, 453 P.2d 659 (1969).

Affirmed. Costs to Respondents.

HOWE and OAKS, JJ., concur.

HALL, C. J., does not participate herein.

MAUGHAN, J., heard the arguments but died before the opinion was filed.

over them was not acquired and we hold, therefore, that the trial court obtained jurisdiction through the service of the defective summons. [Footnotes omitted.] [253 Or. at 422–23; 453 P.2d at 661.]