BAWDEN AND ASSOCIATES and Dean Bawden, Plaintiffs and Respondents,

v.

Alvin R. SMITH and Sandra Smith, Defendants and Appellants.

No. 17682.

Supreme Court of Utah.

May 5, 1982.

Alvin R. Smith, pro se.

Thomas N. Crowther, Parsons & Crowther, South Jordon, for plaintiffs and respondents.

DURHAM, Justice:

Alvin Smith appeals an order denying his motion to vacate a sheriff's sale and set aside a deficiency judgment.

On March 2, 1979, defendants and appellant, Alvin and Sandra Smith (hereafter "Smith"), granted plaintiff and respondent, Bawden and Associates (hereafter "Bawden"), a mortgage on a .4326 undivided interest in real property (hereafter "Parcel 1") to secure Smith's promissory note in the amount of $12,500. On March 20, 1979, Smith granted Bawden another mortgage on the "Glenmoor Estates Property" (hereafter "Parcel 2") to secure Smith's second promissory note in the amount of $10,000.

Both mortgages were foreclosed in the same suit, with default judgment in a combined total of $26,418.29 being entered for Bawden on January 8, 1980. The default judgment was appealed to this Court and affirmed on the issue of the validity of the service of process. *Bawden and Associates v. Smith*, Utah, 624 P.2d 676 (1981).

Pursuant to the district court's Order of Sale, the sheriff conducted a foreclosure sale on May 27, 1980. Bawden bid $15,000,

the only bid. In the return of the Order of Sale, the sheriff reported partial satisfaction of the $26,418.29 judgment by the $15,000 bid and an unsatisfied deficiency of $11,418.29. On September 29, 1980, a Deficiency Judgment in that amount plus interest and attorney's fees was entered against Smith. Smith moved to have it set aside, claiming that the sheriff's sale was invalid because both parcels of real estate were offered and sold as a unit rather than separately as required by the Utah Rules of Civil Procedure.

Rule 69(e)(3), Utah R.Civ.P., governing foreclosure sales, requires that "when the sale is of real property, consisting of several known lots or parcels, they must be sold separately." The parties agree that Rule 69(e)(3) applies and that only one bid, the $15,000 bid by Bawden, was offered at the foreclosure sale. The validity of the sale, therefore, depends on whether the single bid was for both parcels offered improperly as a unit, as alleged by Smith, or whether Bawden's bid was a proper offer only for Parcel 1, as claimed by Bawden. The record contains conflicting evidence on this factual question. The sheriff's return on the Order of Sale shows the $15,000 bid as being applied against the combined amounts due on both mortgages. The Deficiency Judgment, dated September 29, 1980, refers to the sale of real property described in the Order of Sale (which contains descriptions of both parcels) for the sum of $15,000, without any reference to an unsold parcel. The Supplemental Record, however, contains a certified copy of a Certificate of Sale executed by the sheriff showing the sale of Parcel 1 only.

 Appellant argues that it is improper for this Court to consider the Supplemental Record for purposes of determining if the trial court's ruling was supported by competent evidence. This argument confuses evidence in a "supplemental record" with new evidence offered first on appeal.

Rule 75(h), Utah R.Civ.P., provides for modification of the record by the district court when the record is inaccurate, incomplete or erroneous.

> ... [I]f any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the Supreme Court, or the Supreme Court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary that a supplemental record shall be certified and transmitted by the clerk of the district court.

The transmittal of a supplemental record requires a determination by the district court that proposed modifications of the record will serve to conform the record to an accurate account of the proceedings. The district court determined, after a hearing, that transmittal of the Certificate of Sale was necessary to clarify the record. The application of Rule 75(h), as a "remedial action to present a complete and accurate record of proceedings below," *Boskovich v. Utah Construction Co.*, 123 Utah 387, 259 P.2d 885, 888 (1953), was appropriate in this case. The authorities cited by appellant on this point are distinguishable on their facts.[1] They all involved refusals by this Court to consider depositions on appeal which were never before the trial court nor were offered to supplement the record under Rule 75(h). Consequently, the district courts had made no determination that they were necessary to conform the record to the proceedings actually before them. We therefore hold, on the basis of the Certificate of Sale in the Supplemental Record, that the trial court's finding that Parcel 1

---

1. *Thompson v. Ford Motor Company*, 14 Utah 2d 334, 384 P.2d 109 (1963); *Reliable Furniture Company v. Fidelity Guaranty Insurance Underwriters, Inc.*, 14 Utah 2d 169, 380 P.2d 135 (1963); *Rosander v. Larsen*, 14 Utah 2d 1, 376 P.2d 146 (1962).

was offered and sold separately as required by Rule 69(e)(3) is supported by competent evidence and should not be overturned.

■ A valid foreclosure sale, as occurred here with Parcel 1, results in the satisfaction of a specific mortgage debt from the sale proceeds attributable to the encumbered property. Section 78–37–1 et seq., U.C.A., 1953; 59 C.J.S. Mortgages § 605 (1949). If multiple parcels of realty are offered at a single foreclosure sale, the proceeds from each parcel are applied to satisfy only the related mortgage debt.

> It is possible, indeed, that for convenience, the several foreclosures, if separately instituted, may be consolidated into one action. But when it comes to a decree, the substantive fact must be respected that each parcel secures a separate debt, and hence there must be as many sales, or to put it more roughly, as many decrees, as there are separate mortgages involved. Thus a sale of all the property in one mass would be erroneous, in the absence of common consent. And there can be no common consent if the mortgagor, or anyone in the mortgagor's interest, objects. In that event the equity of every party is that each security can be allocated to its own debt.

Glenn on Mortgages, vol. 1, § 88.1.

■ From the record it appears that the mortgage to be satisfied from the sale of Parcel 1 was only $12,500, plus costs and attorney's fees in an amount which is unclear in the record. "In general parlance, a 'deficiency judgment' means a personal judgment against a mortgagor for the mortgage debt remaining unsatisfied out of the proceeds of the sale of the mortgaged property." 59 C.J.S. Mortgages § 777 (1949). In the event that the $15,000 is less than the portion of the judgment, plus

costs, secured by Parcel 1, a proper deficiency judgment may be entered for Bawden against Smith. § 78–37–2, U.C.A., 1953. Otherwise, any surplus should be paid to Smith or deposited with the court.[2] § 78–37–4, U.C.A., 1953.

■ In regard to a deficiency judgment related to the unsatisfied debt on Parcel 2, § 78–37–2, U.C.A., 1953, is applicable. A general execution (deficiency judgment) may issue against the mortgagor in the event that the foreclosure sale proceeds are insufficient to satisfy the judgment. However, "no general execution shall issue until after the sale of the mortgaged property . . . ." It is well established that the mortgagee must first exhaust his security before seeking general execution against his mortgagor:

> [T]he mortgaged property constitute[s] a primary fund . . . to which the mortgagee must first resort for the discharge of the debt, and until that fund has been exhausted the mortgagee has no personal right of action against the mortgagor, unless the latter consents thereto. The courts can impose personal liability on the mortgagor only after having ordered sale of the property; and, if after sale, a deficiency appears.

Bank of Ephraim v. Davis, Utah, 581 P.2d 1001, 1003 (1978) (emphasis added).[3] Parcel 2 must be sold and the proceeds applied against the indebtedness and costs secured thereby before judgment may be entered against Smith for any deficiency.

The trial court's refusal to vacate the sheriff's sale is affirmed. The Deficiency Judgment of September 29, 1980, however, is set aside and we remand to the district court for action consistent with this opinion.

HALL, C. J., and STEWART, OAKS and HOWE, JJ., concur.

---

2. We realize that this creates the anomalous situation in which Bawden may owe surplus payment to Smith at the same time a debt is still outstanding on Parcel 2. This is a potential result of Bawden's own making since it was the only bidder at the mortgage sale, knew the value of the mortgages on the respective parcels and was the master of its own fate in this regard. "The fault dear [Bawden] lies in ourselves and not in our stars."

3. See also, Salt Lake Valley Loan and Trust Company v. Millspaugh, 18 Utah 283, 54 P. 893 (1898); Zions Savings Bank & Trust Co. v. Rose, 86 Utah 574, 47 P.2d 617 (1935); First Nat. Bank of Coalville v. Boley, 90 Utah 341, 61 P.2d 621 (1936); In re Reynolds Estate, 90 Utah 415, 62 P.2d 270 (1936).