No. 84-439

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

STATE OF MONTANA,

   Plaintiff and Appellant,

-vs-

1978 LTD II and RICKY
HENDRICKSON,

   Defendant and Respondent.

---

APPEAL FROM: District Court of the Twelfth Judicial District,
     In and for the County of Hill,
     The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    Hon. Mike Greely, Attorney General, Helena, Montana
    Ronald W. Smith, County Attorney, Havre, Montana
    Edward Corrigan argued, Deputy County Attorney, Havre

  For Respondent:

    James Conway argued, Montana Legal Services, Kalispell,
    Montana

---

         Submitted:  April 15, 1985

          Decided:  June 25, 1985

Filed: JUN 25 1985

*Ethel M. Harrison*

---
           Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the District Court, Twelfth Judicial District, dismissing forfeiture proceedings against an automobile on the grounds that proper notice of seizure and intention to institute forfeiture proceedings was not sent to the owner within forty-five days of the seizure as required by section 44-12-201, MCA.

Ricky Hendrickson was arrested on January 25, 1984, for having LSD and marijuana in his possession while driving his Ford LTD to Great Falls. As authorized by section 44-12-103, MCA, the car was seized and impounded by the Hill County Sheriff's Department. Pursuant to section 44-12-201, MCA, notice of the seizure of the car, along with the County Attorney's intention to institute forfeiture proceedings against it, was sent to Hendrickson within forty-five days of the seizure. The notice was sufficient in all respects but one: it did not inform Hendrickson that he must file an answer within twenty days of the mailing of the notice or face default judgment. An answer was not filed and on March 27, 1984, default judgment was entered.

On April 5, 1984, Hendrickson's attorney filed a motion for relief from the default judgment on the grounds that the notice did not comply with requirements of due process or Montana Rules of Civil Procedure. The Hill County Attorney agreed that the notice was deficient and did not contest the motion for relief. Instead, he filed an amended notice of intention to institute forfeiture proceedings, though more than forty-five days had passed since the car was seized. On May 21, 1984, Hendrickson filed a motion to dismiss. He argued that the amended notice cannot relate back to the

2

filing of the original notice, so that the forty-five day notice requirement of section 44-12-201, MCA, was not complied with. Judge Chan Ettien agreed with this argument and dismissed the case on July 13, 1984.

It is conceded by both parties to this appeal that the notice of seizure and intention to institute forfeiture proceedings which was issued by the Hill County Sheriff and served on Hendrickson was defective and violative of due process. The parties also concede that this defective notice deprived the District Court of jurisdiction to enter default judgment. We agree. Therefore, the sole issue to be resolved is whether the defective notice, timely filed in accordance with section 44-12-201, MCA, could be amended though more than forty-five days had passed since the automobile sought to be forfeited was seized.

Appellant argues that, as a civil action, the forfeiture proceedings under section 44-12-201 should be governed by the Montana Rules of Civil Procedure. Specifically appellant cites to Rule 4(D)(7), M.R.Civ.P., which reads:

> "Amendment. At any time, in its discretion, and upon such notice and terms as it deems just, the court may allow any process or proof of service thereof to be amended unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

This rule, appellant contends, expresses the philosophy of civil procedure favored today: that cases should be decided on their merits, and not be dismissed due to procedural defects. In support of this contention, appellant cites to Meyers v. Interwest Corp. (Utah 1981), 632 P.2d 879. In Meyers the plaintiff filed a complaint on the final day of a

3

four year statute of limitations period. Approximately two years after summons was issued the defendant, having failed to file an answer, filed a motion to dismiss on the grounds that the summons stated that defendant had twenty days to answer when the law allowed thirty days. The Utah trial court denied the motion to dismiss and allowed the summons to be amended despite the fact that the statute of limitations had run. Citing to rule 4(h) of the Utah Rules of Civil Procedure, which is identical to Rule 4(D)(7), M.R.Civ.P., supra, the Utah Supreme Court found that allowing an amendment did not amount to material prejudice to the rights of the party against whom process issued. In addition it found that the defect in the summons was inconsequential, and therefore the passage of time did not deprive the trial court of jurisdiction to permit an amendment. Specifically the Utah court held that the trial court had jurisdiction to entertain a motion to amend summons after the statute of limitations had run. Further, it held that the amendment related back to the initial summons, just as amendments to complaints relate back to the filing of the initial complaint under Rule 15(e), Utah Rules of Civil Procedure. (Rule 15(c), M.R.Civ. P.)

We have no quarrel with the reasoning used or the decision reached in Meyers. We do not believe however, that Meyers can be convincingly analogized to the case at hand. This action for forfeiture is based on a procedure authorized by Chapter 12 of Title 44 of the Montana Code. Section 44-12-201 reads as follows:

> "Notice of seizure and intention to institute forfeiture proceedings. A peace officer or an officer of the seizing agency who seizes any property other than controlled substances under

4

> the provisions of this chapter shall, within 45 days of the seizures, file a notice of the seizure and intention to institute forfeiture proceedings with the clerk of the district court of the county in which the seizure occurs, and the clerk shall serve notice thereof on all owners or claimants of the property by one of the following methods . . . " (Emphasis added.)

The language of this statute is mandatory. Notice of seizure and intent to institute forfeiture proceedings must be served on the owners of the property within forty-five days. There is no provision in Chapter 12 for an extension of this time limit. Despite this, appellant urges that Rule 4(D)(7), M.R.Civ.P. be applied, as per the Meyers case, to allow amended notice after forty-five days. We refuse to do so and affirm the District Court for the following reasons.

First, the statute involved in this case is an exception to the general rule that property may not be seized without a prior factfinding hearing. Though the Supreme Court has upheld such forfeiture statutes as involving extraordinary situations, Calero-Toledo v. Pearson Yacht Leasing Co. (1974), 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452, we concur with the Wisconsin Court in State v. Rosen (Wisc. 1976), 240 N.W.2d 168, that because such seizures are ex parte, the statutory safeguards should be rigidly adhered to. In Rosen the Wisconsin Court discussed the procedural requirements in forfeiture actions under a statute very similar to the one at issue in this case. On May 29, 1974 David Rosen had his car seized by the police in accordance with the Uniform Controlled Substances Act of Wisconsin. On June 12, 1974, papers were served that commenced the forfeiture action. On September 9, 1974, Rosen filed a motion to dismiss on the grounds that a hearing had not been

set within the sixty day time period provided by statute. The trial court granted the motion. The Wisconsin Supreme Court affirmed, stating that in forfeiture actions safeguards which are statutorily provided should be strictly construed. Therefore, the court continued, time limitations provided by statute must be considered mandatory. Forfeiture statutes seek:

> "to provide a prompt adjudication of the issues involved in the forfeiture proceeding, and seek to mitigate the harsh effects of the seizure and forfeiture proceeding . . . The interest of the state and the public in controlling the drug traffic, which the forfeiture action is designed to protect, is adequately served by the initial seizure. The interests of the possibly innocent owner should likewise be protected by strict compliance with the procedural mandate of [the statute]."
> Rosen, 240 N.W.2d at 172.

We agree. The State's reliance on Meyers v. Interwest Corp., along with its insistence that Rule 4(D)(7), M.R.Civ.P., be applied to this case, misses the essential point that the seizure and forfeiture statutes at issue are special in that they allow an ex parte taking of personal property. No such statutes are at issue in Meyers and for that reason we find that case unpersuasive.

Second, in addition to the requirement that notice of seizure and intention to institute forfeiture proceedings be given within forty-five days, section 44-12-202, MCA provides that within twenty days after the mailing or publication of notice, the owner of the property shall file a verified answer to the allegations concerning the use of the property. No extension of time for filing the answer may be granted. Further, section 44-12-203, MCA, provides that there is a rebuttable presumption of forfeiture of the property and that

if a verified answer is not filed within twenty days after mailing or publishing notice, the court upon motion "must order the property forfeited to the state." The strict requirements of these statutes indicates the no-nonsense attitude of the drafters with respect to drug traffic. But just as these statutes impose strict requirements, they must be enforced so as to avoid, to the greatest extent possible, prejudicing the rights of the party against whom they are directed. Since, in effect, a party whose property is seized under these statutes must answer within twenty days or lose the property, there is strong reason to insist that the State provide proper notice so as to protect the innocent person from the unwitting surrender of his property.

Third, even if the State could demonstrate that Rule 4(D)(7) should apply in this case, no amendment would be allowed. For contrary to the contention of the State, allowing an amendment to this process beyond the limitation period would significantly prejudice Hendrickson's rights. The very exercise of the seizure and forfeiture statutes by the State is a serious infringement on the rights of the party whose property is seized without a hearing. Such a procedure is allowed only because it is considered a significant weapon in the battle against drug trafficking. To assert, as the State does, that there is no prejudice to Hendrickson by allowing amended notice ninety-five days after seizure and fifty days past the statutory requirement is simply unreasonable. By adhering to due process and statutory requirements, the State ensures the rights of the person charged, and permits the innocent person to regain the use of his property as rapidly as possible. To allow amended notice past the limitation period under section 44-12-201,

7

MCA, would have the potential for serious infringement of the rights of innocent persons.

The decision of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

8