FILED

June 30 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0687

DA 14-0687

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 181

MARK MUIR, CHIEF OF POLICE, CITY
OF MISSOULA, STATE OF MONTANA,

        Petitioner and Appellee,

   v.

BOBBY JEROME BILDERBACK,

        Respondent,

and

MARIE FELTON,

        Intervenor and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                     In and For the County of Missoula, Cause No. DV-13-551
                     Honorable Karen S. Townsend, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Craig Shannon, Attorney at Law, Missoula, Montana

        For Appellee:

            Kirsten H. Pabst, Missoula County Attorney, Andrew Paul, D. James
            McCubbin, Deputy County Attorneys, Missoula, Montana

                     Submitted on Briefs:  May 6, 2015
                             Decided:  June 30, 2015

Filed:

                                   Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Marie Felton appeals from the District Court's Memorandum and Order filed August 25, 2014.  We reverse.

¶2    We re-state the issue on appeal as follows:

¶3    Whether the District Court properly dismissed Felton's objection to forfeiture proceedings concerning her interest in a Hummer automobile.

## BACKGROUND

¶4    In March 2013 law enforcement officers in Washington State contacted the Missoula Police asking for assistance in locating Bobby Bilderback, who was wanted in Washington in connection with a homicide investigation.  Bilderback is Felton's son.  Missoula Police found Bilderback at a residence in Missoula, took him into custody, and seized a Hummer vehicle from the premises.  Missoula Police Detective Curtis applied for and received a search warrant for the Hummer from the Montana Fourth Judicial District Court.  Missoula officers executed the search warrant for the Hummer, finding a locked metal tool box that contained over $36,000 in cash and a plastic bag with methamphetamine residue in it.[1]

¶5    On May 9, 2013, Mark Muir, then the Missoula Chief of Police, instituted this proceeding pursuant to § 44-12-102, MCA, seeking forfeiture of the Hummer, the cash and other items found during the search on the ground that they were involved in unlawful drug transactions.  The Hummer had a Montana motor vehicle title that listed

---

[1] This opinion concerns only the interest in the vehicle.  Felton has not presented any substantial argument that she was an owner of the money.

the owners as Bilderback and Felton. Prior to commencement of the forfeiture action Detective Curtis knew that Felton was a title owner of the Hummer and interviewed her about it. Felton told Curtis that she was a title owner of the Hummer along with Bilderback and that she had no knowledge that either Bilderback or the vehicle was involved in drugs.

¶6 Based upon the Felton interview the Missoula Police unilaterally determined that she was a sham owner, and they were not required to name her in the forfeiture proceeding or to serve her with the summons and a copy of the forfeiture petition. The forfeiture petition named only Bilderback as a respondent and the only summons was served on him. Bilderback contested the forfeiture proceeding on the Hummer, in part, by arguing that Felton was an innocent owner and that her interest in the vehicle was therefore not subject to forfeiture. Felton also voluntarily appeared in the forfeiture action through the same attorney who represented her son, asserting her ownership interest and requesting an order that the Hummer be released to her. The District Court denied Felton's motion for summary judgment on the innocent owner issue, concluding that there were genuine issues of material fact.

¶7 The District Court set the forfeiture matter for hearing on May 21, 2014. Neither Bilderback nor Felton appeared at the hearing. The District Court received evidence from the State and ordered forfeiture. In June 2014 Felton moved to intervene in the forfeiture action. In August 2014 the District Court denied the motion to intervene, determining that Felton became a party when she appeared in October 2013 requesting release of the vehicle. The District Court also dismissed Felton's claim that she was not

3

properly served with the forfeiture petition and summons, concluding that because Felton failed to appear at the May 21 hearing she had slept on her rights.

¶8 Felton appealed and filed an appellant's brief with this Court on December 22, 2014. In early February 2015 the petitioner requested and was granted a 45-day extension in which to file its responsive brief. Despite this, the petitioner never filed a brief in response to this appeal.

## STANDARD OF REVIEW

¶9 This Court reviews a district court's interpretation and application of the law to determine whether it is correct. *State v. Bieber*, 2007 MT 262, ¶ 20, 339 Mont. 309, 170 P.3d 444.

## DISCUSSION

¶10 *Issue: Whether the District Court properly dismissed Felton's objection to forfeiture proceedings concerning the Hummer automobile.*

¶11 Montana law provides that vehicles used or intended for use "in any manner to facilitate the commission of a violation of Title 45, chapter 9" [relating to offenses involving dangerous drugs] are subject to forfeiture. Section 44-12-102(1)(d), MCA. An officer who seizes property subject to forfeiture must institute forfeiture proceedings within 45 days. The summons issued by the clerk of the district court upon filing the petition must be personally served "upon an owner or claimant whose name and address are known." Section 44-12-201, MCA. There is a rebuttable presumption of forfeiture, and a person served with the petition and summons must file an answer within 20 days of service, and if so the district court must set the matter for hearing. Section 44-12-203,

4

MCA. A person who files an answer to the petition and summons is entitled to rebut the presumption of forfeiture by showing that the property was not used for the purposes alleged in the petition, or that it was used without the owner's knowledge or consent. Sections 44-12-102(2)(b) and - 204, MCA.

¶12 This Court has recognized that the forfeiture statutes are based upon a "no-nonsense attitude . . . with respect to drug traffic," but that they "must be enforced so as to avoid, to the greatest extent possible, prejudicing the rights of the party against whom they are directed." *State v. Hendrickson*, 216 Mont. 401, 405, 701 P.2d 1365, 1368 (1985). The "very exercise of the seizure and forfeiture statutes by the State is a serious infringement of the rights of the party whose property is seized without a hearing. Notice of the seizure and intent to obtain forfeiture "must be served on the owners of the property." *Hendrickson*, 216 Mont. at 405, 701 P.2d at 1368.

¶13 In *Hendrickson* this Court concluded that there is "strong reason to insist that the State provide proper notice so as to protect the innocent person from the unwitting surrender of his property." *Hendrickson*, 216 Mont. at 405, 701 P.2d at 1368. In that case the owner was served with the petition and summons, but the summons failed to inform him of the requirement in § 44-12-203, MCA, that he file an answer within 20 days. When Hendrickson failed to file an answer the district court entered his default to the petition. Hendrickson appeared in the proceeding to contest the default and the district court granted relief. The documents served upon Hendrickson were defective because they omitted notice of the requirement to respond and therefore violated due process. *Hendrickson*, 216 Mont. at 402-03, 701 P.2d at 1367. Because of the

5

importance of upholding the interests of potentially innocent owners of seized property, all statutory requirements in a forfeiture proceeding must be "rigidly adhered to." *Hendrickson*, 216 Mont. at 404, 701 P.2d at 1367. Because notice to the owner was inadequate we upheld the district court's order vacating the owner's default.

¶14 In *Magone v. Froehlich*, 270 Mont. 381, 892 P.2d 540 (1995), officers arrested Froehlich's husband for drug offenses and seized several firearms. She asserted ownership of the guns at the time of the seizure, but the subsequent forfeiture proceedings were instituted only against her husband. At the time of the forfeiture hearing Froehlich sent a note to the prosecutor again asserting her ownership interest in the guns. She provided her contact information but no one contacted her and she did not appear. The district court ordered forfeiture and Froehlich appealed.

¶15 This Court reversed the forfeiture, acknowledging the requirement in *Hendrickson* that the State must strictly comply with the requirements of the forfeiture statutes. *Froehlich*, 270 Mont. at 385, 982 P.2d at 543. We concluded that a "claimant" entitled to receive service of the summons and petition under § 40-12-201, MCA, is "one who asserts a right, demand or claim" and that Froehlich had sufficiently made her claim known to qualify as a "claimant." *Froehlich*, 270 Mont. at 386, 982 P.2d at 544. In addition, we held that neither actual notice of the forfeiture hearing nor allowing intervention were sufficient to substitute for service of the initial summons and petition.

> We will not stand idly by and allow known, and possibly innocent, owners or claimants to have their property forfeited for failure to serve summons and copy of the petition as expressly required by § 44-12-201, MCA.

6

*Froehlich*, 270 Mont. at 385, 982 P.2d at 546.

¶16    As to motor vehicles, a certificate of title is "prima facie evidence of the facts appearing on the certificate of title." Section 61-3-435, MCA. If more than one owner is listed on a certificate of title, joint ownership with the right of survivorship "is presumed." Section 61-3-202(4), MCA. In this case the motor vehicle title was prima facie evidence that Felton was an owner of the Hummer vehicle. The telephone conversation between the Missoula Police and Felton confirmed that she was a title owner. Therefore, service of the summons and petition on her was required by § 44-12-201, MCA. Nothing in the forfeiture statutes allows the seizing authority to unilaterally conclude that a prima facie owner of seized property is only a sham owner who is not entitled to service. As we said in *Froehlich*, allowing the seizing authority to do so would

> essentially gut the [forfeiture] statute, encourage the State to 'not know' of a clearly asserted claim to the property and, as a result significantly prejudice the claimant's rights by shifting the entirety of the burden to the claimant.

*Froehlich*, 270 Mont. at 391-92, 982 P.2d at 546-47. The district court, not the seizing authority, has the responsibility to determine the extent of the claimant's ownership in the property. Section 44-12-204, MCA.

¶17    Therefore, the District Court erred in determining Felton to be a party to the forfeiture action and in relying upon Felton's presumed knowledge of the setting of the forfeiture hearing as adequate substitutes for timely service of summons and a copy of the

7

forfeiture petition as required by Montana law. The forfeiture proceeding was therefore ineffective in terminating Felton's interest in the vehicle.

¶18 Reversed and remanded with instructions to vacate the order of forfeiture of the Hummer vehicle as to Marie Felton.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA